UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

TAVIA WAGNER,

        Plaintiff,

v.                                                                          Case No: 6:25-cv-1600-JSS-LHP

DAYTONA BEACH CENTER, LLC, et al.,

        Defendants.
_____/

## SCHEDULING ORDER

Pursuant to Federal Rule of Civil Procedure 16 and Local Rule 3.02(c), the Court finds it necessary to implement a schedule tailored to meet the particular circumstances of this case. Therefore, consistent with the just, speedy, and inexpensive determination of this case, Fed. R. Civ. P. 1, it is,

**ORDERED** that the provisions of Rule 26(a)(1) and Local Rule 3.02 concerning the initial disclosures and filing of a case management report are hereby waived. Instead, the parties shall comply with the following schedule:

1. Within **15 days** from the date of this Order, Plaintiff shall answer, under oath, the Court's Interrogatories, attached as Exhibit A, file the Answers with the Court titled "Notice of Filing Court Interrogatories," and serve Defendant with a copy of the answers.

2. Within **30 days** from the date of service of process, Defendant shall

1

permit Plaintiff's counsel and Plaintiff's expert reasonable access to inspect the area of the Defendant's facility which Plaintiff claims to be non-compliant. If this case involves a website, Plaintiff's counsel and Plaintiff's expert shall access and inspect the section(s) of Defendant's website which Plaintiff claims to be non-compliant within 30 days from the date of service of process.

3. Within **60 days** from the date of service of process, Plaintiff shall provide Defendant with a copy of any expert report upon which Plaintiff intends to rely, consistent with the provisions of Rule 26(a)(2). The report shall specifically address the deficiencies alleged and the proposed remediation required.

4. Within **90 days** from the date of service of process, Defendant shall serve a written response, including any Rule 26(a)(2) expert report that Defendant intends to rely upon.

5. Until further Order of this Court, all discovery in this case (except as provided herein) is **STAYED**.

6. This case is referred for mediation pursuant to Chapter Four of the Local Rules. Within **120 days** from the date of service of process, the parties shall mediate this dispute, before a mediator of their choice. The parties shall file a Mediation Notice which (a) identifies the selected mediator and includes the contact information for the mediator and (b) sets the date and place for the mediation conference. If no mediator has been designated by the parties, the court may designate a mediator from the Middle District of Florida's certified mediator

list.

7. Once the mediation has been scheduled, the parties may not unilaterally reschedule the mediation conference. A motion must be filed and leave of court must be obtained to reschedule the mediation. In the motion to reschedule, counsel must include the proposed date of rescheduling. Rescheduling beyond the deadline provided in Paragraph 6 may not be permitted. If the court authorizes the parties to reschedule the mediation conference, the parties may be required to pay the mediator's cancellation fee. Thus, the parties are strongly encouraged to promptly exchange documents, answer interrogatories, and diligently adhere to all deadlines to avoid unnecessary expense.

8. Lead counsel for the parties, the parties or a party's surrogate satisfactory to the mediator, and any necessary insurance carrier representative shall attend the mediation which may be held in person or virtually upon the agreement of the parties. The parties unexcused absence or departure from the mediation is sanctionable.

9. The substance of the mediation is confidential and no party, lawyer, or other participant, may record or disclose any event that occurs during the mediation except the settlement of the matter.

10. A settlement agreement reached between the parties shall be reduced to writing and signed by the parties and their attorneys in the presence of the mediator. *See also* Local Rule 3.09. Within seven (7) days of the conclusion of the

mediation conference, the mediator shall file and serve a written mediation report stating whether all required parties were present, whether the case settled, and whether the mediator was forced to declare an impasse. *See* Local Rule 4.03(f). The mediator may report any conduct of a party or counsel that falls short of a good faith effort to resolve the case by agreement or fails to comply with this Order. *See* Local Rules 4.03(e), (f).

11. If the parties reach a settlement, the settlement agreement should contain, if possible, an agreement concerning costs and attorney's fees. If the parties are unable to agree, the Court will reserve jurisdiction to determine that issue. If the parties wish the Court to enter a consent judgment, be advised that the Court will not approve or reserve jurisdiction to enforce a confidential settlement agreement.

12. If settlement is not achieved within the time frame set forth herein, the parties must conduct a case management meeting immediately after the settlement conference, during which the parties shall jointly prepare the attached case management report within five (5) days of the conclusion of the mediation conference. Thereafter, the Court will issue a case management order and set the case for trial at the earliest practicable time. **Counsel are advised that this case will be set for trial approximately six (6) months after the mediation conference.**

13. Due to the volume of these cases, the Court expects strict adherence to these deadlines. Exceptions will be granted only for compelling reasons.

14. Either party, for good cause shown, may move to alter this schedule should circumstances warrant.

15. Plaintiff shall serve a copy of this Order on Defendant along with the Complaint.

**ORDERED** in Orlando, Florida on September 2, 2025.

JULIE S. SNEED
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record
Unrepresented Party

# EXHIBIT A
## COURT'S INTERROGATORIES TO INDIVIDUAL PLAINTIFF(S)

1. Residence address

2. Name of current employer and place of employment.

3. Date(s) and time(s) that you visited the facility.

4. Purpose of your visit(s) and duration of your stay(s).

5. Did anyone else accompany you? If so, who?

6. Describe the nature of your disability.

7. Specifically list each of the architectural barriers which you personally observed or experienced at this facility.

8. Did you take notes or make a contemporaneous record of these barriers? If so, please attach a copy to these Answers.

9. Please list any other Title III cases in which you have been a party in this District.

_____
**Plaintiff**

**STATE OF FLORIDA**
**COUNTY OF** _____

The foregoing instrument was acknowledged before me by means of ___ physical presence or ___ online notarization, by _____, who being first duly sworn, deposes and says that he/she has read the foregoing Answers to Interrogatories, knows the contents of same, and to the best of his/her knowledge and belief, the same are true and correct.

SWORN TO AND SUBSCRIBED before me by means of ___ physical presence or ___ online notarization, on this _____ day of _____, 2024.

NOTARY PUBLIC

Acknowledgment
**Notary Stamp**

_____
Signature of Person Taking

Print Name:
Title: Notary Public
Serial No. (if any):
Commission Expires:

## COURT'S INTERROGATORIES TO CORPORATE PLAINTIFF(S)

1. What is Plaintiff's business address?

2. When and where was Plaintiff incorporated?

3. Who are the current officers and directors of Plaintiff?

4. Provide the name and address of any of Plaintiff's members who have attempted to access and use the subject premises in the past, but have been discriminated against because of architectural barriers in violation of the ADA.

5. For each member listed in answer to No. 3 above, provide:

    a. The date(s) and time(s) that each member visited the facility

    b. The purpose of the visit and duration of stay

    c. The names of any person(s) who accompanied the member

    d. The nature of the member's disability

    e. The architectural barriers personally observed or experienced

8

      f.    Whether such member(s) took notes or made a contemporaneous record of these barriers, and if so, please attach a copy to these answers.

6. Please list any other Title III cases in which Plaintiff has been a party in this District.

By:_____
As its:

_____
Print Name

**STATE OF FLORIDA**
**COUNTY OF _____**

      The foregoing instrument was acknowledged before me by means of \_\_\_ physical presence or \_\_\_ online notarization, by _____, who being first duly sworn, deposes and says that he/she has read the foregoing Answers to Interrogatories, knows the contents of same, and to the best of his/her knowledge and belief, the same are true and correct.

      SWORN TO AND SUBSCRIBED before me by means of \_\_\_ physical presence or \_\_\_ online notarization, on this _____ day of _____, 2024.

                                **NOTARY PUBLIC**

                              _____
                              Signature of Person Taking

Acknowledgment
**Notary Stamp**                            Print Name:

Title: Notary Public
Serial No. (if any):
Commission Expires: